UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON L. JACOBS, JR.,

                Plaintiff,

v.                                                      Case No. 20-cv-1595-bhl

NICHOLAS PREY, RYAN ATKINSON,
BRUCE LEISER, JESSE SPERBERG,
TIMOTHY LALUZERNE, DAN CONRADT,
CRAIG REKOSKE, CHRIS MADLE,
SHAWN COPSEY, RYDER STEFL,
BRAD RABIDEAU, SCOTT RUEN, and
BRENT DILGE,

                Defendants.

---

## SCREENING ORDER

---

Aaron L. Jacobs, Jr., an inmate at Shawano County Jail who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal and state law. This decision resolves Jacobs' motion for leave to proceed without prepaying the filing fee (ECF No. 4) and screens his complaint (ECF No. 1).

**Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Jacobs was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 10, 2020, the Court ordered Jacobs to pay an initial partial filing fee of $57.10. (ECF No. 6.) Jacobs paid that fee on December 1, 2020. The Court will grant Jacobs' motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes liberally complaints filed by plaintiffs who are representing themselves. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. Background Allegations

Jacobs sues thirteen members of the Shawano County Special Response Team. (ECF No. 1.) He alleges that, on March 16, 2020, the defendants entered an apartment where he and his girlfriend were located. (*Id.* at 5.) Jacobs says the defendants entered the bedroom with their firearms drawn while screaming commands. (*Id.*) Defendant Ryan Atkinson, who allegedly "deployed a 'stun shield,' forcefully plow-plopped on top of" Jacobs and his girlfriend. (*Id.*)

2

Defendant Bruce Leiser allegedly grabbed Jacobs' girlfriend and "slammed her onto the floor." (*Id.* at 6.)

Jacobs asserts that Atkinson continued to pin Jacobs to the bed with his stun shield and pointed a gun at Jacobs' head. (*Id.*) Defendant Jesse Sperberg allegedly "poked a fully automatic assault rifle into [Jacobs'] eyebrow pinning [his] head to the bed, causing severe pain and a swelling abrasion." (*Id.*) Jacobs asserts that he "cried out in pain and verbally pleaded" for Sperberg to remove the assault rifle, but Sperberg continued to poke Jacobs in the head and ordered him to shut up. (*Id.*) Jacobs states that, after about two minutes, he was finally rolled over, handcuffed without incident, and taken into custody. (*Id.*)

On April 26, 2020, Jacobs filed a "citizens complaint" about how he was treated during his arrest. (*Id.* at 7.) Defendant Nicholas Prey investigated the complaint even though he was involved in the arrest. (*Id.*) Jacobs says that the investigation was a sham and that Prey cleared himself and the other defendants "by fabricating facts and evidence…." (*Id.*) Jacobs asserts that he was charged with filing a false complaint, obstructing an officer, and bail jumping. (*Id.*)

Jacobs asks for money damages and declaratory relief. He also asks the Court to dismiss all pending criminal and civil charges, citations, and ordinance violations against him and to overturn, vacate, and dismiss any Shawano County criminal, civil, and ordinance violation convictions.

### C. Analysis
#### 1. Excessive Force

The Fourth Amendment's reasonableness standard governs an evaluation of a plaintiff's claim that law-enforcement officers used excessive force during an arrest. *Stainback v. Dixon*, 569 F.3d 767, 771 (7th Cir. 2009). "An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest, . . . but that right is circumscribed by the Fourth Amendment's insistence on reasonableness." *Id.* at 772 (citations omitted). "The nature and extent of the force that may be used depends upon the circumstances surrounding the arrest, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citations and internal quotation marks omitted).

3

Jacobs explains that he was arrested on suspicion of having brandished a weapon earlier in the day. Given the nature of the allegations against Jacobs, it is reasonable to expect officers to use some degree of physical force or threat of force to ensure their safety during the arrest. That said, Jacobs asserts that when the officers found him, he was laying on a bed with his girlfriend laying on top of him. He also explains that Atkinson immediately pinned him down and then held him there for two minutes while Sperberg repeatedly poked him in the head with an assault rifle. According to Jacobs, he was crying out in pain and pleading with Sperberg to stop. Jacobs says his chest and abdomen were bruised and tender the next day, and he had a swollen abrasion by his eyebrow. Jacobs' description of the circumstances of his arrest are sufficient for the Court to infer that the force used by Atkinson and Sperberg may not have been reasonable. Accordingly, Jacobs may proceed on a Fourth Amendment claim against Atkinson and Sperberg.

Jacobs may also proceed against Atkinson and Sperberg on state-law claims of negligence and assault and battery. To prevail on a claim of negligence in Wisconsin, a plaintiff must prove that the defendants breached their duty of care and that he suffered an injury as a result. *Craig v. Klemmer*, No. 17-cv-288, 2017 WL 1067778, at *3 (E.D. Wis. March 21, 2017) (citing *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001)). Under Wisconsin law, a battery is an unauthorized intentional contact with another. *Id.* (citing *McCluskey v. Steinhorst*, 173 N.W.2d 148, 151-52 (Wis. 1970)).

### 2. Failure to Intervene

Jacobs alleges a Fourth Amendment claim against the remaining defendants based on their failure to intervene to stop Atkinson and Sperberg. "An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reasons to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)) (emphasis in the original).

Jacobs asserts that the arrest occurred in a "small one-bedroom apartment." (ECF No. 1 at 5.) It is not plausible that, in addition to Atkinson and Sperberg, eleven other officers in

tactical gear would fit into the bedroom of a small apartment. If the officers were not in the bedroom, they could not know that excessive force was being used, nor could they have a realistic opportunity to intervene. The Court can reasonably infer that Leiser was in the bedroom—at least initially—because Jacobs alleges that Leiser pulled Jacobs' girlfriend off of him and pushed her to the floor. Accordingly, the Court will allow Jacobs to proceed on a failure-to-intervene claim and state-law negligence claim against Leiser, but not against any of the other defendants.

### 3. Due Process and Retaliation

Jacobs also asserts a due process claim against Prey based on his allegations that Prey did not adequately investigate Jacobs' citizen's complaint and instead fabricated evidence in order to clear the defendants of any wrongdoing. To state a procedural due process claim, a plaintiff must allege that a state actor deprived him of a constitutionally protected interest without due process of law. *See Blocker v. City of Chicago*, No. 17-cv-55, 2017 WL 3278323, at *5 (N.D. Ill. Aug. 2, 2017) (citing *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 616 (7th Cir. 2002)). A plaintiff must allege that he has "a legitimate claim of entitlement to the protected interest, not just a unilateral expectation of it." *Id.* (citations omitted).

Jacobs fails to state a due process claim because "a police investigation into a citizen's complaint is not a constitutionally protected property or liberty interest, as the Due Process Clause 'generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.'" *Id.* at 6 (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)).

The Court will, however, allow Jacobs to proceed on a First Amendment retaliation claim against Prey based on his allegations that Prey referred additional charges against him to the district attorney in response to Jacobs filing the citizen's complaint. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

Jacobs may not proceed on state-law negligence claims based on his allegations that Prey referred false charges to the district attorney. As explained in more detail below, Jacobs may not collaterally attack charges or subsequent convictions against him in a § 1983 action. *See Mederich v. City of Chicago*, No. 16-cv-5481, 2017 WL 2880881, at *6-7 (N.D. Ill. July 6, 2017)

5

(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Washington v. Summerville*, 127 F.3d 552, 555-56 (7th Cir. 1997).

### 4. Available Relief

"[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release…." *Id.* at 481. Tort actions, such as a §1983 action, that "will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, … should be allowed to proceed …." *Id.* at 487. The Seventh Circuit has acknowledged that the reasoning in *Heck* applies to pending criminal charges. *Washington*, 127 F.3d at 555-56.

Claims of excessive force during an arrest do not necessarily imply the invalidity of the conviction (or, in Jacobs' case, the underlying charges) associated with that arrest. *See VanGlider v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006). As such, Jacobs may proceed with this case because, even if he prevails, his success will not demonstrate the invalidity of the underlying charges and/or conviction. However, the only relief available to Jacobs is money damages and declaratory relief. The injunctive relief Jacob seeks—dismissal of all charges and vacating of all convictions—is not available. Jacobs cannot use this case to collaterally attack the charges against him or any subsequent convictions. He may raise those arguments in the pending criminal proceedings or in a habeas petition.

## Conclusion

**IT IS THEREFORE ORDERED** that Jacobs' motion for leave to proceed without prepaying the filing fee (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Timothy Laluzerne, Dan Conradt, Craig Rekoske, Chris Madle, Shawn Copsey, Ryder Stefl, Brad Rabideau, Scott Ruen, and Brent Dilge are **DISMISSED** based on Jacobs' failure to state a claim against them.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) and this order upon defendants Nicholas Prey, Ryan Atkinson, Bruce Leiser, and Jesse Sperberg pursuant to Federal Rule of Civil Procedure 4. Jacobs is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals

Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give Jacobs information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendants Nicholas Prey, Ryan Atkinson, Bruce Leiser, and Jesse Sperberg shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Jacobs shall collect from his institution trust account the $292.90 balance of the filing fee by collecting monthly payments from Jacobs' prison trust account in an amount equal to 20% of the preceding month's income credited to Jacobs' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Jacobs is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Jacobs is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Jacobs is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Jacobs is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Jacobs' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Jacobs may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 18th day of December, 2020.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge