# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AARON L. JACOBS,**

      **Plaintiff,**

v.                                                           Case No. 20-CV-1595

**NICHOLAS PREY,** *et al.***,**

      **Defendants.**

## ORDER

On October 14, 2021, the court dismissed *pro se* plaintiff Aaron L Jacobs's case pursuant to the fugitive disentitlement doctrine because Jacobs disappeared from his inpatient treatment clinic and neither the court nor the defendants were aware of his whereabouts. (ECF No. 57.) On May 19, 2022, Jacobs filed a motion to reconsider the dismissal of his case. (ECF No. 66.) On June 10, 2022, Jacobs filed a second motion to reconsider the dismissal of his case. (ECF No. 70.)

Jacobs does not deny that he has absconded from custody in either motion. Instead, he argues that his absconder status does not impede his ability to litigate his case because he has a P.O. Box. However, at the time the court dismissed his case, Jacobs had not updated his address and the filings were coming back to the court as undeliverable.

Jacobs filed his motions for reconsideration too late for the court to consider them under Federal Rule of Procedure 59(e), which requires that a party file a

motion to amend or alter the judgment within 28 days of the entry of judgment. Thus, the court analyzes his motion under Fed. R. Civ. P 60(b), which allows the court to grant relief from entry of a final judgment where there was a mistake, new evidence, fraud, or "any other reason that justifies relief." The court did not make a mistake at the time it entered its dismissal order, nor is there any other reason for the court to reopen this case. Jacobs did not update his address, and the court was unable to reach him. The court warned him in both its order screening his complaint (ECF No. 7 at 8) and its scheduling order (ECF No. 25, ¶ 4) that failing to update his address may result in the court dismissing his case without further notice. Thus, even without the defendants' motion to dismiss, the court, on its own, was entitled to dismiss Jacobs's case. Jacobs's motions for reconsideration (ECF No. 66, 70) are **DENIED.**

Dated at Milwaukee, Wisconsin this 27th day of October, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge